IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100558-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 22, 2012) |
| Joshua Campbell, | ) | |
| | ) | 2012 UT App 75 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 101400412
The Honorable David N. Mortensen

Attorneys:     Margaret P. Lindsay, Provo, for Appellant
               Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Davis.

DAVIS, Judge:

¶1     Joshua Campbell argues that his prior convictions are insufficient to support the trial court's decision to bind over the current retail theft charge against him as a third degree felony.  We affirm.

¶2     When interpreting a statute, "[w]e look first to the plain language of the statute to discern the legislative intent."  *Gohler v. Wood*, 919 P.2d 561, 562 (Utah 1996).  "Thus, we will interpret a statute according to its plain language, unless such a reading is unreasonably confused, inoperable, or in blatant contravention of the express purpose of the statute."  *Id.* at 562-63 (internal quotation marks omitted).  "We [also] follow the cardinal rule that the general purpose, intent or purport of the whole act shall control,

and that all the parts be interpreted as subsidiary and harmonious to its manifest object." *Miller v. Weaver*, 2003 UT 12, ¶ 17, 66 P.3d 592 (internal quotation marks omitted).

¶3     Chapter 6 of the Utah Criminal Code outlines offenses against property. The act prohibits both theft, *see* Utah Code Ann. § 76-6-404 (2008),[1] and retail theft, *see id.* § 76-6-602. Retail theft is punishable "in accordance with Subsection 76-6-412(1)." *Id.* § 76-6-606. Section 76-6-412(1)(b)(ii) (the enhancement provision) provides,

> (1) Theft of property and services as provided in this chapter is punishable . . . (b) as a third degree felony if . . . (ii) the actor has been twice before convicted of any of the offenses listed in this Subsection (1)(b)(ii), if each prior offense was committed within 10 years of the date of the current conviction or the date of the offense upon which the current conviction is based:
> > (A) theft, any robbery, or any burglary with intent to commit theft;
> > (B) any offense under Title 76, Chapter 6, Part 5, Fraud; or
> > (C) any attempt to commit any offense under Subsection (1)(b)(ii)(A) or (B).

*Id.* § 76-6-412(1)(b)(ii) (Supp. 2011).

¶4     Campbell's prior convictions consist of "retail theft, a class A misdemeanor," as well as "burglary and theft, third degree felonies, arising from a single criminal episode." Campbell concedes that his prior convictions of burglary and theft qualify as one prior conviction under the enhancement provision,[2] but argues that his prior retail

---

[1]Because substantive changes to the relevant statutes do not affect our analysis, we cite the most current version of the Utah Code.

[2]Campbell also argues that because his other prior convictions of burglary and theft stemmed from a "single criminal episode," the convictions cannot qualify as more

(continued...)

theft conviction does not satisfy the enhancement provision "because retail theft does not fall within the [statutory] definition of theft . . . [and] is not one of the crimes enumerated in the plain language of [the enhancement provision] that may be used as a basis for enhancement of the current retail theft charge." *See generally id*.

¶5     Specifically, Campbell argues that "theft" and "retail theft" are distinct offenses, and that the use of "theft" throughout this chapter of the criminal code does not necessarily include the offense of "retail theft" because "the offense of retail theft . . . is defined in a completely separate part [of Title 76, Chapter 6] from the definition of theft." *See generally id*. § 76-6-404 (2008) (defining theft); *id*. § 76-6-602 (defining retail theft). Additionally, Campbell argues that the conduct and specific intent associated with retail theft are significantly different from the statutory definition of "theft," and that these differences demonstrate that theft and retail theft are meant to be treated as distinct offenses. As a result, Campbell asserts, the absence of "retail theft" from the enhancement provision's list of relevant prior convictions means that Campbell's prior retail theft conviction cannot be used as a basis for enhancement of his current retail theft charge. Campbell further notes that the enhancement provision specifies that it applies to "'any robbery' or 'any burglary with intent to commit theft,'" (quoting *id*. § 76-6-412(1)(b)(ii)(A) (Supp. 2011)), but does not similarly specify that the provision applies to "'any theft.'" Campbell concludes that "[b]ecause it must be assumed that the legislature has chosen its words advisedly and purposefully, it must likewise be presumed that the legislature did not intend to include the act of retail theft/shoplifting within the sphere of conduct statutorily defined as 'theft,'" and therefore, his prior retail theft conviction does not satisfy the terms of the enhancement provision.

¶6     We disagree with Campbell. The fact that theft and retail theft are defined in separate sections of Chapter 6 is not dispositive. In fact, the two definitions are similar in their purpose and ultimate effect. "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." *Id*. § 76-6-404 (2008). Similarly, the variant of retail theft Campbell was charged with occurs when a person knowingly

---

[2](...continued)
than one prior conviction "under the plain language of Utah Code . . . [section] 76-6-412(1)(b)(ii)." We do not address this issue because of the manner in which we resolve the other issue presented.

> [a]lters, transfers, or removes any label, price tag, marking,
> indicia of value or any other markings which aid in
> determining value of any merchandise displayed, held,
> stored or offered for sale, in a retail mercantile establishment
> and attempts to purchase such merchandise personally or in
> consort with another at less than the retail value with the
> intention of depriving the merchant of the retail value of
> such merchandise.

*Id.* § 76-6-602(2).[3] As the trial court noted, "[e]ach [of these statutes] ha[ve] elements of an unauthorized exercise of control over the property of another and an intent to deprive the owner of the full value of that property." The similarity of these offenses and the fact that the retail theft statute provides that retail theft ought to be punished in the same manner as ordinary theft, *see id.* § 76-6-606, demonstrates that the legislature intended the offenses to be treated similarly.[4]

¶7    Campbell asserts that the use of a list in the enhancement provision demonstrates that the legislature intended to limit which offenses were to be used for enhancement purposes, meaning the exclusion of "retail theft" from the list indicates the legislature's intention to purposefully omit prior retail theft convictions from the enhancement provision. We disagree. Section 76-6-412 provides that its terms are to apply to "[t]heft of property and services as provided *in this chapter*," *see* Utah Code Ann. § 76-6-412(1) (Supp. 2011) (emphasis added), which includes retail theft. Nowhere in section 76-6-412 is retail theft discussed, yet section 76-6-606 directs that the terms of that section provide the means for punishment of retail theft in general, *see id.* § 76-6-606 (2008), which Campbell does not dispute. Accordingly, we decline to interpret section 76-6-412 in such a way as to permit the interpretation of "theft" to include "retail theft" in some

---

[3]The statute identifies four other scenarios that constitute retail theft. *See* Utah Code Ann. § 76-6-602 (2008).

[4]Indeed, section 76-6-412 not only governs the penalties for theft and retail theft but is also the means by which several other offenses under Chapter 6 are penalized. *See, e.g.,* Utah Code Ann. § 76-6-513(2) (Supp. 2011) (referring to section 76-6-412 for the penalties for the offense of "unlawfully dealing with property by a fiduciary"); *id.* § 76-6-805 (2008) (referring to section 76-6-412 for the penalties for library theft).

parts of section 76-6-412, but not others. We agree with the trial court's conclusion that we "must presume that every reference to *theft* under Section 76-6-412 may also apply to *retail theft*, including the reference in the theft enhancement subsection of the statute." Consequently, a prior conviction of retail theft falls under the enhancement provision of section 76-6-412, rendering Campbell's prior convictions of retail theft and his prior convictions of burglary and theft arising out of a single criminal episode sufficient to enhance his latest retail theft charge to a third degree felony. We affirm.

_____
James Z. Davis, Judge

-----

¶8      WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
J. Frederic Voros Jr.,
Associate Presiding Judge